UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN JACOBS,

                Plaintiff,

              v.

KEISHA FISHER, et al.,

                Defendants.

Civil Action No. 22-6487 (KMW) (MJS)

**MEMORANDUM ORDER**

This matter comes before the Court on the Court's *sua sponte* review of Plaintiff Steven Jacobs's complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-1). Having reviewed the application, this Court finds that Plaintiff has shown an entitlement to proceed without prepayment of fees, and his application shall be granted. As Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual

allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his complaint, Plaintiff alleges that, in March 2022, during a prison transfer, he was led by an officer to a room where Defendant Cortes and other unknown officers sprayed him with mace without warning, struck, and beat him, resulting in his being sent to the hospital for weeks. (ECF No. 1 at 5-6.) Based on these allegations, Plaintiff seeks to raise excessive force claims against Cortes, as well as supervisory excessive force claims against the warden of the prison, Keisha Fisher. (*Id.* at 4.) Plaintiff also names as Defendants the New Jersey Department of Corrections and South Woods State Prison, although his claims against them are not entirely clear. (*Id.* at 1.)

2

Having reviewed Plaintiff's complaint, this Court perceives no basis for dismissing Plaintiff's excessive force claims against Defendant Cortes, and that claim shall therefore be permitted to proceed. Plaintiff's remaining claims, however, fail to state plausible claims for relief. Although it is not clear what claim Plaintiff sought to raise against the prison or Department of Corrections, it is abundantly clear that both the prison and Department are both not proper Defendants in a federal civil rights action such as this, and are entitled to Eleventh Amendment immunity. *See, e.g., Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Consequently, Plaintiff's claims against the prison and Department are therefore dismissed with prejudice.

Plaintiff's claims against Defendant Fisher are similarly deficient. A defendant may only be held liable in a federal civil rights matter where he had personal involvement in the alleged wrongs. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Importantly, a supervisor may not be held vicariously liable for the actions of his subordinates, and thus a supervisory defendant will only be subject to a civil rights suit where he was directly involved in the alleged violation, directed others to engage in the alleged improper conduct, or had *actual* knowledge of the alleged wrong and acquiesced in its occurrence. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Plaintiff fails to detail how Fisher was actually involved in the beating, fails to allege that she knew of and acquiesced in any plan resulting in the alleged attack, and has failed to allege facts regarding any policy or practice that may have given rise to the alleged attack. Plaintiff thus fails to plead facts sufficient to show Fisher was personally involved in the alleged excessive force incident, and his claims against her must therefore be dismissed without prejudice at this time.

**IT IS THEREFORE** on this 14th day of November, 2022,

3

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**; and it is further

**ORDERED** that the Complaint (ECF No. 1) shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the warden of South Woods State Prison; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing

4

fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that Plaintiff's claims against Defendants South Woods State Prison and the New Jersey Department of Corrections are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiff's claims against Defendant Fisher are **DISMISSED WITHOUT PREJUDICE**: and it is further

**ORDERED** that Plaintiff's excessive force claims shall **PROCEED** at this time against Defendant Cortes only; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for Defendant Cortes; and it is further

**ORDERED** that Plaintiff shall complete the form and return them to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101; and it is further

**ORDERED** that, upon Plaintiff's sending of the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendant Cortes pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendant Cortes shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997(e)(g)(2); and it is finally

5

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

Hon. Karen M. Williams,
United States District Judge